UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

ASUNCION DEL CARMEN MATIE,

    Plaintiff,

vs.

DANIEL JOSE FESTA SALVETTI, and
YUSLEY ANDREA MORENO

    Defendants.

_____/

## COMPLAINT

Plaintiff, ASUNCION DEL CARMEN MATIE, ("MATIE"), through her undersigned counsel, files this, her Complaint against Defendants, DANIEL JOSE FESTA SALVETTI, ("SALVETTI"), and YUSLEY ANDREA MORENO, ("MORENO"), and states the following:

### JURISDICTION AND VENUE

1. This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff by the minimum wage and maximum hour provisions of Section 6 and 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), as well as the minimum wage provisions of the Florida Minimum Wage Act, ("FMWA").

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose and is *sui juris.*

1

4. At all times material hereto, Defendants were and continue to be a residents of Miami Dade County.

5. All acts and/or omissions giving rise to this dispute took place in Miami-Dade County. Accordingly, venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all times material, Plaintiff was and is a citizen of Venezuela who is currently residing in Miami-Dade County, Florida.

7. The individual Defendants, SALVETTI and MORENO, reside in Miami-Dade County at 8585 NW 168TH Terrace, Miami Lakes, Florida.

## STATEMENT OF FACTS

8. This action arises under the Florida Minimum Wage Act which adopts by reference both statutory and regulatory interpretations of the federal Fair Labor Standards Act. Specifically, 29 U.S.C. § 202 (a) provides "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendant is covered under the Fair Labor Standards Act and the Florida Minimum Wage Act.

9. Additionally, 29 C.F.R. § 552.99 provides that "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate

Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly Katzenbach v. McClung, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

10. Additionally, Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

11. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

12. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September l." In 2017, the applicable minimum wage rate in Florida

was $ 8.10 per hour. In 2018, the minimum wage rate in Florida increased to $ 8.25 per hour. And finally, on January 1, 2019, minimum wage rate in Florida increased to its current rate of $8.46 per hour.

13. 29 C.F.R. 785.22 states also that "[w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted." It further states that "if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time."

14. Additionally, at all times material hereto, the federal minimum wage during the relevant time period was $ 7.25 per hour.

15. Plaintiff, MATIE, worked for Defendants in Venezuela as a domestic servant.

16. On or about 2017, the parties entered into a contract wherein Plaintiff was to travel to the United States with the Defendants to perform "the work of domestic work, home cleaning, caring for children, assistance or persona care to the employers (a), work that promises to meet efficiency and dedication." Additionally, pursuant to the terms of the contract, Plaintiff was "committed to the exclusive service of the employer who has signed this contract and desists from accepting any other employment while working for the employer."

17. Pursaunt to the terms of the contract, which were written in English (of which the Plaintiff is not fluent in), the Defendants agreed to pay the Plaintiff the greater of the applicable minimum wage or the applicable prevailing wage for a regular workweek of 35-40 hours. The contract also states that Plaintiff was to receive $ 8.10 per hour and then $ 10.67 per hour for her work. This contract (a redacted version which is attached hereto as exhibit "A") was presented to U.S. Immigration Authorities so that Plaintiff was able to obtain the appropriate work permits.

18. In August of 2017, Defendants brought Plaintiff to Miami Florida and she thus began her employment at the Defendants' Miami Lakes residence.

19. Plaintiff, Matie, worked for Defendants as a domestic live-in housekeeper at Defendants' Miami Lakes residence from: August 1, 2017 through December 19, 2017; February 22, 2018 through August 1, 2018; September 7, 2018 through December 13, 2018, and January 24, 2019 through her termination February 26, 2019 (the relevant time period).

20. At all times material hereto, the Defendants were the Plaintiff's employer by 29 U.S.C. 203(d) which is incorporated by reference into Fla. Stat. § 448.109 for Plaintiff's respective period of employment.

21. During the relevant time periods that Plaintiff worked for Defendants as a live in housekeeper, she worked an average of 16.5 hours per day, Monday through Sunday, or 115.5 hours per week.

22. Plaintiff would be paid monthly for her services via wire transfers in Venezuelean Bolivars to Plaintiff's bank account in Venezuela. The sums paid by Defendants fell far below the applicable minmum wage.

23. As an example, on March 12, 2018, Defendants paid Plaintiff for her services in the month of February the sum of 35,000,000 Venezuelan Bolivars. On that date, the exchange

5

rate was 215,778.05 Bolivars to 1 US Dollar. So in essense Plaintiff was paid $ 162.20 for the entire month of February despite her having worked over 100 hours per week. The following month on April 9, 2018, Defendants paid Plaintiff 50,000,000 Bolivars for her services in the month of March. On that date, the exchange rate was 305,215.85 Bolivars to 1 US Dollar. So for that month, she was paid $ 163.82. The following Month, on May 3, 2018, Defendants paid Plaintiff 84,800,000.00 Bolivars for her services in the month of April. The rate on that date was 637,053.29 Bolivars to 1 US Dollar. So for that month Plaintiff was paid $ 133.11 dollars or approximately .83 cents per hour had she only been working 40 hours per week indicated by the parties original contract.

24. During her employment in the State of Florida, Defendants failed to pay Plaintiff anything coming close to the applicable Florida Minimum Wage. In fact, she was paid an average of $ 100.00 per month in 2017 and an average of $ 200.00 per month in 2018 and 2019. Her average hourly wage was barely 22 cents per hour in 2017 and 43 cents per hour in 2018 and 2019. This willful and blatant disregard of Florida Law constitutes a clear violation of the Florida Minimum Wage Act.

25. Therefore, Plaintiff claims difference between her average sub-minimum hourly rate and the applicable minimum wage rate for all hours worked.

26. The number of weeks that Plaintiff seeks wages during the relevant time period is as follows:

   a. August 1- December 19, 2017 – 20 weeks;
   b. February 22 - August 1, 2018 and September 7 - December 13, 2018 – 43 weeks; and
   c. January 24, - February 26, 2019 – 4 weeks.

27. The total amount of Florida minimum wages owed to Plaintiff for the relevant time period is **$ 61,172.00** (exclusive of liquidated damages, attorney's fees and costs) as calculated as follows:

   a. $ 18,211.00 [$ 8.10 x 115.5 hours/wk x 20 weeks less payment rcvd $500.00];
   b. $ 39,173.00 [$ 8.25 x 115.5 hours/wk x 43 weeks less payment rcvd $1,800.00];
   c. $ 3,788.00 [$ 8.46 x 115.5 hours/wk x 4 weeks less payment rcvd $ 120.00].

28. The total amount of federal minimum wages owed to Plaintiff for the relevant time period is **$ 53,684.13** (exclusive of liquidated damages, attorney's fees and costs) as calculated as follows:

   a. $ 16,247.50 [$ 7.25 x 115.5 hours/wk x 20 weeks less payment rcvd $500.00];
   b. $ 34,207.13 [$ 7.25 x 115.5 hours/wk x 43 weeks less payment rcvd $1,800.00];
   c. $ 3,229.50 [$ 7.25 x 115.5 hours/wk x 4 weeks less payment rcvd $ 120.00].

29. Notwithstanding the fact that Defendants had knowledge regarding their obligation to pay the Plaintiff an hourly rate no less than the federal or Florida minimum wage, Defendants willfully violated tboth the FLSA and the Florida Minimum Wage Act by not paying Plaintiff any type of hourly wage equal to the minimum wage rate as mandated by the FLSA and the FMWA.

30. Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the minimum wage provisions of the FLSA and the FMWA. At no time did Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA or the FMWA.

31. Prior to filing this action, the Plaintiff exhausted all administrative remedies under the Florida Minimum Wage Act by sending the requisite written notice but was not unable to reach a resolution. A copy of the written notice is attached hereto as Exhibit "B".

32. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

### COUNT I
### VIOLATION OF THE
### FLORIDA MINIMUM WAGE ACT

33. Plaintiff realleges and reavers paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants actions were willful.

35. Plaintiff was underpaid below the applicable Florida minimum wage rate by **$61,172.00**.

36. Plaintiff is also owed an equal amount as liquidated damages under the FMWA.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered jointly and severally in her favor against Defendants:

a. Declaring pursuant to 28 U.S.C. §§ 2201 and 2202 that the acts and practices complained of herein are in violation of the minimum wage provisions of the FMWA;

b. Awarding Plaintiff unpaid minimum wages of $61,172.00 plus an equal amount as liquidated damages totaling **$122,344.00**

c. Awarding Plaintiffs reasonable attorney's fees, costs, and expenses of this litigation pursuant to the Florida Minimum Wage Act and 29 U.S.C. § 216(b);

d. Awarding Plaintiff post judgment interest;

e. Ordering any other and further relief that this court may deem just and proper.

## COUNT II
## VIOLATION OF THE
## FLSA MINIMUM WAGE PROVISION

38. Plaintiff realleges and reavers paragraphs 1 through 32 of this Complaint as if fully set forth herein.

39. Defendants actions were willful.

40. Plaintiff was underpaid below the applicable federal minimum wage rate by $**53,684.13**.

41. Plaintiff is also owed an equal amount as liquidated damages under the FMWA.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered jointly and severally in her favor against Defendants:

f. Declaring pursuant to 28 U.S.C. §§ 2201 and 2202 that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

g. Awarding Plaintiff unpaid minimum wages of $**53,684.13** plus an equal amount as liquidated damages totaling **$107,368.26**

h. Awarding Plaintiffs reasonable attorney's fees, costs, and expenses of this litigation pursuant to the Florida Minimum Wage Act and 29 U.S.C. § 216(b);

i. Awarding Plaintiff post judgment interest;

j. Ordering any other and further relief that this court may deem just and proper.

## DEMAND FOR JURY TRIAL

43. Plaintiff demands trial by jury.

Dated: May 14, 2019

                        Respectfully submitted,

                        Law Offices of Michael A. Pancier, P.A.,
                        **Attorneys for Plaintiff**
                        9000 Sheridan Street, Suite 93
                        Pembroke Pines, FL 33024
                        TEL: (954) 862-2217
                        FAX: (954) 862-2287

                        _____/s/ Michael A. Pancier, Esq.____
                              Michael A. Pancier, Esq.
                              Fla. Bar No. 958484

## WORK CONTRACT

Between, DANIEL JOSE FESTA SALVETTI AND YUSLEY ANDREA MORENO, Venezuelans, Adults, ID numbers (Cedula de Identidad)                    and                    who hereinafter called EMPLOYER (A) and ASUNSION DEL CARMEN MATIE, Venezuelan, Adult, ID number (Cedula de Identidad)            who used hereinafter be referred to the employee(a).

It has been agreed and agreed the following:

**First:** That the employee (a) is hired to perform the work of domestic work, home cleaning, caring for children, assistance or persona care to the employers (a), work that promises to meet efficiency and dedication.

**Second:** That during his stay in the US the employee (a) is committed to the exclusive service of the employer who has signed this contract and desists from accepting any other employment while working for the employer.

**Third:** That during his stay in stay in the territory of the US and subsequent journeys that could take place in the future, the employer (a) agrees to pay the employee (a) the minimum hourly wage or prevailing wage, whichever is greater, of that state, established in the Federal State and Laws of the United States.

**Fourth:** That during his stay in the United States and subsequent journeys the employer (a) and the employee (a) undertake to comply with the normal hours of day 35 to 40 hours per week. Paid at $ 8.40 a normal hour and that in excess of those normal working hours will these hours paid to the employee (a) as overtime and under local law in the United States

**Fifth:** That the employee is awarded two free days a week, sick days and authorized holidays, and in the free time available to the employee (a), not be restricted to move freely and may leave the residence of the employer (a). The employer cannot withhold any personal property used in particular his passport.

**Sixth:** The employer (a) during the trip cover all expenses of the employee (a), such as Air ticket, Local transportation, lodging, medical expenses, meals and any other expenses that may be generated during stay in the United States of America.

EXHIBIT "A"

**Seventh:** The employer is responsible to ensure payment of the employer's share of all applicable federal, state and local taxes, including social security and worker's compensation: withholding of employers share of all applicable taxes: and provide assistance to the employee (a) in filling all required tax returns.

**Eighth:** The parties undertake to act in good faith in the performance of their respective obligations under this contract.

**Ninth:** This contract is necessary for the sole purpose of demonstrating that there is an agreement between both parties.

**Tenth:** It is chosen as domicile, unique and exclusive to the city of Valencia, Carabobo State, to the jurisdiction of whose courts which must undergo both parties.

DANIEL J. FESTA S

(EPLOYER)

ASUNSION DEL CARMEN MATIE

(EMPLOYEE)

YUSLEY ANDREA MORENO

(EMPLOYER)




Law Offices of Michael A. Pancier, P.A.

**Florida Bar Board Certified In Labor & Employment Law**

9000 Sheridan Street, Suite 93
Pembroke Pines, Florida 33024
www.pancierlaw.com

EMAIL: MPANCIER@PANCIERLAW.COM      TEL (954) 862-2217
     FAX (954) 862-2287

April 19, 2019

VIA PRIORITY MAIL

Daniel Jose Festa Salvetti
Yusley Andrea Moreno
8585 NW 168th Terrace
Miami Lakes, FL 33016

    RE:    Asuncion del Carmen Matie

Dear Mr. Fest and Ms. Moreno

Please be advised that the undersigned law firm has been retained by Ms. Asuncion del Carmen Matie. As you are aware Ms. Matie worked for you as a live-in housekeeper at your Miami Lakes home from: August 1, 2017 through December 19, 2017; February 22, 2018 through August 1, 2018; September 7, 2018 through December 13, 2018, and January 24, 2019 through her termination February 26, 2019.  During these periods that Ms. Matie worked for you as a live in housekeeper,  she worked an average of 16.5 hours per day, Monday through Friday, or 115.5 hours per week.  During her employment,  you failed to pay Ms. Matie the applicable Florida Minimum Wage.  In fact,  she was paid $ 100.00 per month in 2017 and $ 200.00 per month in 2018 and 2019.  Her average hourly wage was barely 22 cents per hour in 2017 and 43 cents per hour in 2018 and 2019.  This willful and blatant disregard of Florida Law constitutes a clear violation of the Florida Minimum Wage Act.

This letter is being written pursuant to Florida Statute §448.110. Pursuant to Florida Statute §448.110, you have 15 days from receipt of this letter to cure all Florida minimum wages owed to Ms. Matie.  The applicable minimum wage in Florida in 2017 was $ 8.10 per hour. The minimum wage went up to $ 8.25 in 2018 and $ 8.46 in 2019. The period of time Ms. Matie claims her Florida minimum wage for is from

EXHIBIT "B"

Friday, April 19, 2019
Page 2 of 2

    a. August 1- December 19, 2017 – 20 weeks;
    b. February 22 - August 1, 2018 and September 7 - December 13, 2018 – 43 weeks; and
    c. January 24, - February 26, 2019 – 4 weeks.

The total amount of Florida minimum wages owed to Ms. Matie for the period specified below is for **$ 61,172.00** exclusive of liquidated damages, attorney's fees and costs. Pursuant to Florida Statute §448.110 you have fifteen (15) days from receipt of this letter to pay this amount which is calculated as follows:

    a. $ 18,211.00 [$ 8.10 x 115.5 hours/wk x 20 weeks less payment rcvd $500.00];
    b. $ 39,173.00 [$ 8.25 x 115.5 hours/wk x 43 weeks less payment rcvd $1,800.00];
    c. $ 3,788.00 [$ 8.46 x 115.5 hours/wk x 4 weeks less payment rcvd $ 120.00].

Additionally, please be advised that you are under an obligation under federal and Florida law upon receipt of this letter to preserve any and all documents, and electronic data in its native format including, but not limited to, all text files (including word processing documents), spreadsheets, calendars, e-mail files and information concerning e-mail (including logs of e-mail history and usage, header information and "deleted" files), internet history files and preferences, graphical image format ("GIF") files, JPG files, data bases, QuickBooks files, Excel, Word, and PowerPoint files, records, emails, time records, and calendars scheduling information, computer system activity logs, cell phone messages, What's App Messages, and all file fragments and backup files containing electronic data that are contained on any computer or phone system used by you or your businesses until further written notice by the undersigned especially as it pertains to my client and her employment. The failure to preserve and retain the electronic data outlined in this notice constitutes spoliation of evidence.

Should you wish to resolve the Florida Minimum Wage portion of this claim please feel free to contact me at (954) 862-2217 or via email at mpancier@pancierlaw.com. Resolution of the Florida State minimum wage claim is not to be construed and will not affect the resolution of any Federal minimum wages owed under the Fair Labor Standards Act, liquidated damages, attorneys' fees and costs or claims brought under 18 U.S.C § 1595. If payment is not made within the requisite time period, then we will proceed to bring an action against the both of you.

                                      Sincerely,

                                      Michael A. Pancier, Esquire
                                      For the Firm
                                      Florida Bar Board Certified
                                      in Labor & Employment Law

cc:      Client



Cut on dotted line.

## USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package +

Remove X

**Tracking Number:** 9405503699300483542072

**On Time**

**Expected Delivery on**

**SATURDAY**
**20** APRIL 2019 ⓘ

by
**8:00pm** ⓘ

✓ **Delivered**

April 20, 2019 at 5:43 pm
Delivered, Left with Individual
HIALEAH, FL 33016

---

**Text & Email Updates** ⌄

Select what types of updates you'd like to receive and how. Send me a notification for:

**Text**   **Email**

☐ All Below Updates

☐ Expected Delivery Updates ⓘ